BLANK ROME LLP
Caroline Powell Donelan (SBN 268762)
cdonelan@blankrome.com
Caitlin I. Sanders (SBN 294143)
csanders@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants
FREEDOM MORTGAGE CORPORATION AND PRISCILLA SALUD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RACHEL NICHOLS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>FREEDOM MORTGAGE CORPORATION, a New Jersey Corporation, PRISCILLA SALUD, an individual; and DOES 1 through 100, Inclusive,<br><br>                    Defendants. | Case No.  2:20-cv-4377<br><br>(Removed from Superior Court of California, County of Los Angeles, Case No. 20STCV13880)<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>State Complaint filed: April 9, 2020 |

999998.02962/123212860v.1

1

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE TITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants FREEDOM MORTGAGE CORPORATION ("Freedom") and PRISCILLA SALUD ("Salud") hereby effect removal of the above-referenced action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California. The grounds for removal are as follows:

**I.      TIMELINESS OF REMOVAL**

1.      On April 9, 2020, Plaintiff RACHEL NICHOLS ("Plaintiff") commenced this civil action against Freedom by filing a Complaint in the Superior Court of California for the County of Los Angeles, entitled *Rachel Nichols v. Freedom Mortgage Corporation, et al.*, State Case No. 20STCV13880 ("State Court Action").

2.      In the Complaint, Plaintiff alleges five causes of action against Freedom and Priscilla Salud related to her employment with Freedom: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate disability in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) failure to prevent discrimination in violation of FEHA; (5) wrongful termination in violation of public policy.

3.      On April 14, 2020, Freedom was served with a copy of Plaintiff's Summons and Complaint.

4.      On May 14, 2014, counsel for Salud accepted service of the Summons and Complaint on behalf of Salud.

5.      This removal is timely under 28 U.S.C. § 1446(d) because this Notice of Removal is filed within 30 days of the date both Freedom and Salud first received a copy of Plaintiff's Summons and Complaint.

## II.   GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

6.      This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because this it is a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441. *See*, 28 U.S.C. §§ 1332, 1441, 1446.

### A.      Complete Diversity of Citizenship Exists.

7.      Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity of citizenship is evaluated at both the time the lawsuit was filed and at the time of removal. *See*, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F. 3d 1129, 1131 (9th Cir. 2002).

8.      For purposes of diversity jurisdiction, a corporation is a "citizen" both of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9.      An individual person's citizenship is determined by his or her state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends to return." *Id*. (citing *Lew v. Moss*, 797 F. 2d 747, 749 (9th Cir. 1986)). A person's "place of residence" and "place of employment" are evidence of that person's domicile. *See, Lew*, 797 F. 2d at 750 ("The determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence…[and] place of employment or business…."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile).

10.      Complete diversity of citizenship exists because: (a) Defendant Freedom Mortgage Corporation is a citizen of the State of New Jersey; (b) Defendant Priscilla

999998.02962/123212860v.1

3

**NOTICE OF REMOVAL**

Salud is a citizen of the State of South Carolina; and (c) Plaintiff Rachel Nichols is a citizen of the State of California.

11.    Freedom is, and was at the time the State Court Action was filed, a corporation incorporated in the State of New Jersey with its principal place of business located at 907 Pleasant Valley Avenue, Mount Laurel, New Jersey. (Declaration of Keith B. Joseph ("Joseph Decl."), ¶ 3.[1]) Freedom's principal administrative and executive functions are all based out of its New Jersey offices. *Id.* Freedom's key corporate divisions and officers operate from New Jersey and generally are responsible for directing, controlling and coordinating the vast majority of Freedom's corporate activities and operations. *Id.* Therefore, Freedom is a citizen of the State of New Jersey. *See*, 28 U.S.C. § 1332(c)(1).

12.    Defendant Priscilla Salud is, and was at the time the State Court Action was filed, a permanent resident of the State of South Carolina.[2] (Salud Decl., ¶ 3.)[3] Plaintiff has not yet served Defendant Priscilla Salud. (Declaration of Priscilla Salud ("Salud Decl."), ¶ 3.).

13.    In the Complaint, Plaintiff alleges that she resides in the County of Los Angeles. (Complaint, ¶ 7.) Plaintiff also alleges that she was employed by Freedom in the County of Los Angeles. (*Id.*) Therefore, for diversity purposes, upon information and belief, Plaintiff is a citizen of the State of California.

14.    Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332(a).

---

[1] The Joseph Decl. is attached to this Notice of Removal as **Exhibit M**.

[2]  In any event, the Complaint fails to state a colorable claim against Salud because the causes of action alleged in the Complaint may only be brought against an *employer*, not an individual who is not an employer. Accordingly, Salud is a "sham" defendant, and her citizenship is irrelevant for purposes of this removal. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[3] The Salud Decl. is attached to this Notice of Removal as **Exhibit N**.

**NOTICE OF REMOVAL**

**B.    The Amount In Controversy Exceeds $75,000.**

15.    28 U.S.C. § 1332 states, in relevant part, that diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…."

16.    In general, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *See, St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241-1243 (11th Cir. 2013). However, where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $[75],000." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). A removing defendant in such a situation need not prove to a legal certainty that the amount in controversy has been met; rather, the removing defendant may simply allege in its notice of removal a plausible allegation that the jurisdictional threshold has been met (i.e. no evidentiary proof of the amount in controversy is required). *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens*, 135 S. Ct. 547, 549 (2014); *see also, Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

17.    Here, while Defendants deny Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief for which she has prayed, it is clear that the maximum *potential* value of her claims as alleged puts into controversy an amount in excess of $75,000.

18.    The Complaint does not seek a precise amount of damages. Instead, Plaintiff seeks an unspecified amount of economic damages, non-economic damages, punitive damages, and attorney's fees and costs for: (1) disability discrimination; (2) failure to accommodate disability; (3) failure to engage in the interactive process; (4)

999998.02962/123212860v.1                             5

**NOTICE OF REMOVAL**

failure to prevent discrimination in violation of FEHA; (5) wrongful termination in violation of public policy. The Complaint makes no mention of the maximum potential amount of Plaintiff's damages.

19. Plaintiff alleges that she is entitled to actual, special, and punitive damages as follows: **(1)** Plaintiff alleges that she has suffered economic damages, including loss of salary and benefits and other past and future economic damages; **(2)** Plaintiff claims that she has suffered and will continue to suffer from humiliation, embarrassment, and emotional distress; **(3)** Plaintiff claims that she is entitled to an award of punitive damages because that Freedom's actions were committed maliciously, fraudulently, and oppressively. (*See, e.g.*, Complaint, ¶¶ 31, 32, 34, 28, 29, 41, 50, 51, 53, 58, 59, 61, 67–69.)

20. The nature of the monetary damages sought by Plaintiff clearly puts the amount in controversy above $75,000. *See, Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002.) (The plaintiff's damage claim, which included lost wages, lost earning capacity, medical expenses, emotional distress and attorney's fees, was enough to put the amount in controversy above $75,000.);

21. With respect to Plaintiff's claim for past and future lost wages, Plaintiff earned approximately $117,300 per year during her employment with Freedom. (Joseph Decl., ¶ 4.) Plaintiff alleges that her employment with Freedom was terminated on August 16, 2018. (Complaint, ¶ 13.) Thus, Plaintiff's claim to lost income is approaching the *two-year* mark, or stated differently, $234,600. Moreover, no trial date has been set, but estimating a trial date of August 2021, Plaintiff's damages claim for lost income would be for three years, or approximately $351,900.

22. Plaintiff also seeks emotional distress damages. While never stating the amount of emotional distress damages she seeks, this combined with her alleged lost income damages would exceed the jurisdictional threshold. *See, Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (finding that, absent an exact

allegation of the amount of emotional distress damages sought, the court could consider such damages to be substantial).

23.    Plaintiff also seeks punitive damages but does not specify an exact amount.  (Complaint, at Prayer.) Punitive damages are potentially recoverable under the FEHA. *See, Vasquez v. Arvato Digital Servs.*, No. CV 11-02836, 2011 WL 2560261 AT *4 (C.D. Cal. June 27, 2011) ("Punitive damages are available under FEHA . . . and therefore the Court may consider punitive damages when determining the amount in controversy.").  Again, even if Plaintiff only sought a minimal amount of punitive damages—such as the amount of her alleged lost income damages ($351,900.00)—this would, again, exceed the jurisdictional threshold amount.

24.    Plaintiff also seeks attorneys' fees and costs as authorized by law. (Complaint, ¶¶ 42, 54, 62, 70.) Such fees and costs only add to the amount in controversy. *See, Galt G/S/ v. JSS Scandanavia*, 142 F.2d 1150, 1155-1156 (9th Cir. 1998) (holding that the amount in controversy for purposes of diversity jurisdiction includes attorneys' fees if authorized by statute or contract).

25.    While Defendants expressly deny that Plaintiff is entitled to any relief whatsoever, it is clear that the amount in controversy greatly exceeds $75,000 as required by 28 U.S.C. §§ 1332(a).

## III.    ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET.

26.    This removal is timely under 28 U.S.C. § 1446(d) because this Notice of Removal is filed within 30 days of the date Defendants first received a copy of Plaintiff's Summons and Complaint.

27.    All named defendants seek removal. 28 U.S.C. § 1446(b)(2)(A).

28.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal, as follows:

      a.  Complaint. (**Exhibit A**.)

      b.  Summons. (**Exhibit B**.)

      c.  Civil Case Cover Sheet. (**Exhibit C**.)

**NOTICE OF REMOVAL**

d. Notice of Case Assignment – Unlimited Civil Case. (**Exhibit D**.)

e. Notice of Posting Jury Fees (**Exhibit E**.)

f. Peremptory Challenge to Judicial Officer (C.C.P. § 170.6) (**Exhibit F**.)

g. Minute Order – Court Order re: Peremptory Challenge to Judicial Officer (**Exhibit G**.)

h. Notice of Case Reassignment and Order for Plaintiff to Give Notice (**Exhibit H**.)

i. Certificate of Mailing – Court Oder re: Peremptory Challenge to Judicial Officer (**Exhibit I**.)

j. Order to Show Cause re: Failure to File Proof of Service (**Exhibit J**.)

k. Notice of Case Management Conference (**Exhibit K**.)

29. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide Plaintiff with written notice of this Notice of Removal through his attorneys of record, Justin Ehrlich of Herzog, Yuhas, Ehrlich & Ardell, located at 11400 West Olympic Blvd., Suite 1150, Los Angeles, CA 90064, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the state of California for the County of Los Angeles in the form attached hereto as **Exhibit L** (attached to which will be a file stamped copy of this notice and all of its exhibits).

30. This Notice of Removal is properly filed in the Central District of California – Western Division pursuant to 28 U.S.C. §§ 84(c)(2) and 1446(a), because the State Court case is pending in the Santa Monica Courthouse in the County of Los Angeles.

31. If Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

999998.02962/123212860v.1

8

**NOTICE OF REMOVAL**

WHEREFORE, Defendants respectfully request that the Superior Court of the State of California for the County of Los Angeles proceed no further in this action and that this action be removed to the United States District Court for the Central District of California.

DATED:  May 14, 2020       BLANK ROME LLP

By: */s/ Caroline P. Donelan*
      Caroline Powell Donelan
      Caitlin I. Sanders
Attorneys for Defendants
FREEDOM MORTGAGE CORPORATION AND PRISCILLA SALUD

**NOTICE OF REMOVAL**